```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Moses Davis

   v.                                              Case No. 20-cv-599-LM

Warden, FCI-Berlin


**REPORT AND RECOMMENDATION**

    Proceeding pro se, Moses Davis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief based on Rehaif v. United States, 139 S. Ct. 2191 (2019).  The claim was not dismissed on preliminary review, and counsel was appointed to represent Mr. Davis.  The government was ordered to file a response to the petition.  In the response (Doc. No. 9), the government moved to dismiss the claim.  Mr. Davis, through counsel, filed a response (Doc. No. 10) in which he asked the court to decide the claim based on the existing record.

Discussion

    Mr. Davis seeks relief from his conviction and sentence in United States v. Davis, No. 5:07-cr-343-FL-1 (E.D.N.C.), on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924.  In support, he relies on the Supreme Court's decision in Rehaif, which held that the

government must prove that the defendant knew he was a felon when he possessed the firearm to convict a defendant under § 922(g)(1) and § 924.  139 S. Ct. at 2200; see also Greer v. United States, Nos. 19-8709 & 20-444, 2021 U.S. LEXIS 3118, 2021 WL 2405146, at *2 (U.S. June 14, 2021).  The warden moves to dismiss on the ground that Mr. Davis has not shown actual innocence as is required for relief.

Mr. Davis's petition challenges the validity of his conviction and sentence under § 922(g)(1) and § 924.  Therefore, it appears to fall within the governance of § 2255.  28 U.S.C. § 2255(a).  Motions under § 2255 must be filed in the district where the petitioner was sentenced, see Edwards v. Warden, No. 19-cv-1271-JD, 2020 DNH 080, 2020 U.S. Dist. LEXIS 83394, 2020 WL 2404886, at *1 (D.N.H. May 12, 2020).  Inmates are generally limited to filing only one such motion, unless the pertinent court of appeals has granted the inmate leave to file a successive § 2255 motion.  See 28 U.S.C. §§ 2244(a), 2255(h).  Mr. Davis has previously filed two § 2255 motions in the Eastern District of North Carolina.  The first such motion was denied in 2011, and then, after he obtained leave to file a second § 2255 motion asserting a claim based on Johnson v. United States, 576 U.S. 591 (2015), his second § 2255 motion was also denied.  See Davis v. United States, Nos. 5:07-cr-343-FL-1 & 5:17-cv-269-BO, 2018 U.S. Dist. LEXIS 5627, at *2, *9-10, 2018 WL 405976

(E.D.N.C. Jan. 11, 2018) (discussing procedural history and dismissing second § 2255 motion).

A narrow exception to the rule generally requiring a federal inmate to challenge his conviction in the district where he was sentenced exists when relief under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e); Bracey v. Spaulding, No. 18-30148-MGM, 2021 U.S. Dist. LEXIS 70305, at *8, 2021 WL 1340820, at *3 (D. Mass. Apr. 10, 2021). In such circumstances, a petitioner may file a § 2241 petition in the federal district where the petitioner is incarcerated, accessing that court's "savings clause" jurisdiction under 28 U.S.C. § 2255(e). Relief under the savings clause is not available however simply because a petitioner has been denied leave to file a successive § 2255 motion, or because the petitioner missed the deadline for filing a first motion under § 2255. Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008). Instead, to proceed on a petition challenging a conviction or sentence under § 2241, the petitioner must show that he would be denied any opportunity for relief under 28 U.S.C. § 2255. See Trenkler, 536 F.3d at 99 ("post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a

convicted defendant any opportunity for judicial rectification'" (citations omitted)).

Based on that framework, a petitioner may proceed under § 2241 via § 2255(e)'s savings clause in limited circumstances. Bostic v. Spaulding, 483 F. Supp. 3d 19, 23 (D. Mass. Aug. 13, 2020), R&R approved, 483 F. Supp. 3d 19, 21 (D. Mass. Sept. 1, 2020). Relief may be available if the petitioner shows that the Supreme Court has overturned the interpretation of the statute under which the petitioner was convicted so that he or she is no longer guilty of a crime under the new interpretation. Sustache-Rivera v. United States, 221 F.3d 8, 16 & n.14 (1st Cir. 2000). In addition, the First Circuit has observed, most courts require a "credible allegation of actual innocence" to access the savings clause. Trenkler, 536 F.3d at 99.

Neither circumstance pertains here. In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, "the defendant faces an uphill climb" in trying to show that he did not know he was a felon. Greer, 2021 U.S. LEXIS 3118, at *10, 2021 WL 2405146, at *4. "If a person is a felon, he ordinarily knows he is a felon," and felony status is not something that is forgotten. Id.

Mr. Davis stipulated before trial that he "had previously been convicted of felonies that are crimes punishable by a term of imprisonment exceeding one year, and that [his] civil right

4

to possess a firearm had not been restored as a result of those offenses."  July 24, 2008 Stip., United States v. Davis, No. 5:07-cr-343-F3 (E.D.N.C.) (ECF No. 55, ¶ 1).  Mr. Davis provides no evidence that he did not know he was a felon in May 2007 when he possessed a firearm as charged in the indictment.  Therefore, Mr. Davis has not shown that he is actually innocent of the charge of being a felon in possession of a firearm based on Rehaif.  Because Mr. Davis has not shown grounds necessary to proceed under § 2241 in this court, the district judge should dismiss the petition for lack of savings clause jurisdiction.[1]

## Conclusion

For the foregoing reasons, and essentially for reasons stated by the warden in Document No. 9, the district judge should dismiss the petition, without prejudice, for lack of savings clause jurisdiction and direct that this case be closed.  Any objections to this Report and Recommendation must be filed

---

[1] Mr. Davis has not asked the Fourth Circuit for leave to file a successive § 2255 motion based on Rehaif; the dismissal of this petition would allow him to file an application in that court seeking such permission.  This court expresses no opinion as to how that court might rule on that request, as the issue does not appear to have been addressed in any reported Fourth Circuit case.  But cf., e.g., Mata v. United States, 969 F.3d 91, 92 (2d Cir. 2020) ("Rehaif resolved only a question of statutory interpretation, did not establish a new rule of constitutional law, and thus cannot serve as a basis for a second or successive § 2255 motion").

within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                                            _/s/ Andrea K. Johnstone_
                                                                                            Andrea K. Johnstone
                                                                                            United States Magistrate Judge

June 24, 2021

cc:   John P. Newman, Esq.
       Seth R. Aframe, Esq.